CITY OF AUGUSTA, Pet'r.

*vs.*

LEWISTON, AUGUSTA & WATERVILLE STREET RAILWAY.

Kennebec.   Opinion September 7, 1915.

*Jurisdiction.   Public Utilities Commission.   Remedy.   Revised Statutes, Chapter 51, Section 75.*

1.  Questions of law arising upon rulings of the Public Utilities Commission may be presented to the law court on exceptions allowed by the chairman of the Commission.
2.  The jurisdiction of the Public Utilities Commission is created by statute, and it has only such jurisdiction as the statute confers. Its jurisdiction cannot be enlarged by consent of parties, nor can want of jurisdiction be waived by a party.
3.  The Public Utilities Commission has no jurisdiction to apportion the expenses of repairs to a highway bridge which have already been made, in accordance with an agreement between the municipality and a street railroad company whose road crosses the bridge.

On exceptions by petitioners.    Exceptions overruled.

This is a petition by the City of Augusta to the Public Utilities Commission, praying that the Public Utilities Commission will review the whole matter and make such apportionment of the expenses for repairs already made on a certain bridge. The Public Utilities Commission dismissed the petition for want of jurisdiction; to this ruling the petitioners excepted, and the exceptions were allowed by the Commission and certified to the Chief Justice of the Supreme Judicial Court.

The case is stated in the opinion.

*M. E. Sawtelle,* city solicitor, for City of Augusta.

*Andrews & Nelson,* for Lewiston, Augusta & Waterville Street Railway.

SITTING:   SAVAGE, C. J., SPEAR, KING, BIRD, HALEY, HANSON, JJ.

SAVAGE, C. J.   This case comes before this court on exceptions to a ruling by the Public Utilities Commission dismissing the petitioner's petition for want of jurisdiction. The procedure is novel in this state, but it is authorized by the act creating the Public Utilities Commission, which provides that "questions of law may be raised by alleging exceptions to the ruling of the commission on an agreed statement of facts, or on facts found by the commission, and such exceptions shall be allowed by the chairman of the commission and certified by the clerk thereof to the Chief Justice of the supreme judicial court,   .   .   .   And such questions of law shall be considered and decided by the Law Court as soon as may be." Laws of 1913, Chap. 129, Sect. 53.

The City of Augusta, in its petition alleges, so far as material to the present inquiry, that the respondent is now operating its railway over a certain highway bridge in Augusta : that on the nineteenth day of August, 1914, it was mutually agreed by the city and the respondent that the bridge was not safe for the use to which it was being put by the city and the respondent, and that the bridge should be strengthened and certain repairs and renewals made; and the kind and amount of such repairs, strengthening and renewals were agreed upon between the parties, it being also understood and agreed that such strengthening, renewals and repairs should be made under

the direction and supervision of the city, the expense thereof to be borne by the parties in such proportion as might thereafter be determined, but to be paid in the first instance by the city, and that "pursuant to said agreement the bridge was strengthened, renewed and repaired, under the direction and supervision of said city, at a total cost of twelve thousand five hundred ninety and fifty one-hundredths dollars."

The prayer of the petition is that the Pulic Utilities Commission will review the whole matter to the end that if public safety requires additional repairs, renewals or strengthening of parts to the bridge, the Commission will so order, and that the Commission will make such apportionment of the expenses for the repairs, renewals, and strengthening of part already made, and for such further repairs, renewals or strengthening of parts as may be ordered, as it shall deem just and fair.

The petition was brought under the provisions of section 75, chapter 51, of the Revised Statutes, which reads as follows: "Bridges erected by any municipality, over which any street railroad passes, shall be constructed and maintained in such manner and condition, as to safety, as the board of railroad commissioners may determine. Said board may require the officers of the railroad company and of the municipality to attend a hearing in the matter, after such notice of the hearing to all parties in interest as said board may deem proper. Said commissioners shall determine at such hearing the repairs, renewals or strengthening of parts, or if necessary, the manner of rebuilding such bridge, required to make the same safe for the uses to which it is to be put. They shall determine who shall bear the expenses of such repairs, renewals, strengthening or rebuilding, or they may apportion such expense between the railroad company and the city or town, as the case may be, in such manner as shall be deemed by the board just and fair." By section 71 of the Public Laws of 1913, all powers vested previously in the board of railroad commissioners together with all the duties and privileges imposed or conferred upon said board were imposed and conferred upon the Public Utilities Commission.

The Commission decided in effect that they had no jurisdiction to apportion the expense of repairs, renewals and strengthening of the bridge already made by agreement of the parties, and for this

reason dismissed the petition. The correctness of this ruling is the question now to be determined by us. It is true that one of the prayers of the petition is that the Commission will determine whether additional repairs are necessary for public safety. It is not controverted that the Commission has jurisdiction to make such a determination. But that is not the real issue in this case. There is no allegation in the petition that public safety requires additional repairs. The Commission in its decree says that "it was frankly stated at the hearing that nothing more was to be done to the bridge, except cause it to be painted." Under these conditions, there was nothing left for the Commission but to decide the other question, whether it had jurisdiction to apportion expenses of repairs already made by agreement of the parties.

We think the ruling of the Commission was right. The jurisdiction of the Commission is created by statute. It is limited by statute. The Commission has just the kind and extent of jurisdiction which the statute gives, and no more. By statute, R. S. ch. 51, sect. 75, it has jurisdiction over the repairs of highway bridges which are crossed by a street railroad, to the extent of requiring them to be kept safe for public use. It may inaugurate proceedings for that purpose against the municipality and the railroad company, and may determine the repairs necessary and award which party shall bear the expense, or it may apportion the expense between them. Such proceedings are compulsory. The statute however does not prevent the parties from determining for themselves the necessity of repairs, nor from contracting with each other with reference thereto. This would be voluntary. Of course, they cannot thereby deprive the Commission of its jurisdiction to determine that other repairs are necessary, and to order the same. But, as we have seen, that is not the question now. If the parties agree upon repairs, and make all that are necessary there is no occasion for the Commission to exercise its jurisdiction.

By the allegation in the petition, which, on a motion to dismiss must be taken to be true, *Rines* v. *Portland,* 93 Maine, 227, it appears that the parties in this case adopted the voluntary method. They determined to their own satisfaction what repairs were necessary, and contracted with each other with reference to making the same. The repairs have been made. The city has paid the expense in the

first instance as agreed. But for some reason or other the proportion to be paid by the railroad company has not been determined, in accordance with the agreement, and has not been paid. It seems to be clearly a case of contract rights for the breach of which ample remedy may be found in the courts.

Has the city an additional remedy by application to the Commission for an apportionment? An examination of the statute which gives jurisdiction to the Commission leaves no doubt that the answer must be in the negative. What is that jurisdiction? It is to "determine . . . the repairs, renewals or strengthening of parts . . . required to make the same safe for the uses to which it is to be put," and to "determine who shall bear the expenses of *such* repairs," etc., that is, the repairs, etc., which they determine necessary; or to "apportion *such* expense," that is, the expenses of repairs, etc., determined by them to be necessary, "between the railroad company and the city or town." The language employed is clear. Jurisdiction is conferred on the Commission to apportion the expense of repairs determined by it to be necessary. No jurisdiction is given to apportion the expense of repairs determined in any other manner. And this necessarily excludes a determination made by agreement of parties.

It is argued that the parties may waive the preliminary determination, and still call on the Commission for an apportionment. Not so. That would in effect invest the Commission with a power which the statute has not conferred upon it. That cannot be done.

We hold accordingly that the Public Utilities Commission has no jurisdiction to apportion the expenses of repairs to a highway bridge which have already been made in accordance with an agreement between the municipality and a street railroad company whose road crosses the bridge.

*Exceptions overruled.*